NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1870
_____

IN RE: KERYX BIOPHARMACEUTICAL


John Andruela and Abraham Kiswani,
Appellants
_____

On Appeal from the United States District Court
for the District of Delaware
(Civ. No. 1:18-cv-01589)
District Judge: Honorable Colm F. Connolly
_____

Submitted Under Third Circuit LAR 34.1(a)
on February 10, 2022
_____

Before:  GREENAWAY, JR., SCIRICA, and RENDELL, *Circuit Judges*,

(Opinion Filed: July 21, 2022)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

GREENAWAY, JR., *Circuit Judge*.

Keryx Biopharmaceutical, Inc. ("Keryx") shareholders, Abraham Kisawani and John Andreula (collectively, the "Appellants"), on behalf of themselves and all other public Keryx shareholders, commenced this putative class action suit against Keryx and members of its Board of Directors (collectively, the "Appellees"). They allege that Keryx's Schedule 14A Definitive Proxy Statement (the "Proxy") proposing a merger with Akebia Therapeutics, Inc. ("Akebia") included false and misleading statements. However, Appellants' claims fail either because Appellants' claims are not plausibly alleged, or Appellees did not make false or misleading statements. Because Appellants fail to allege actionable omissions, misrepresentations, or falsehoods, we will affirm the District Court's order dismissing Appellants' complaint.

## I. BACKGROUND

### A. Merger Transaction

In December 2017, Akebia, a development-stage biopharmaceutical company, contacted Keryx, a commercial-stage biopharmaceutical company, to discuss a potential merger transaction. During negotiations, Keryx prepared two relevant sets of financial projections—the first of which was based on Keryx's assumptions about Akebia's business and the second of which was partially based on information that Akebia provided to Keryx (the "Adjusted Projections"). Keryx presented these projections during a special committee meeting[1] on May 30, 2018.

---

[1] Keryx had convened a special committee to discuss the possibility of a merger.

Between June 12 and 14, 2018, Akebia determined that the completion of its clinical trial and, by extension, the commercial launch of its lead product, vadadustat, would be delayed. Given these developments, Akebia updated its financial projections. Akebia's CEO then advised Keryx's Interim CEO of this development on June 15, 2018.

On June 27, 2018, MTS Securities LLC ("MTS"), an affiliate of Keryx's financial advisor for the merger, opined that the merger was financially fair.[2] MTS based its fairness opinion on, amongst other information, Keryx's Adjusted Projections—which were prepared before May 30, 2018, and were not revised to incorporate the vadadustat delay. The following day, Keryx announced its approval of the merger transaction. Ultimately, the companies jointly filed the Proxy on October 30, 2018, and a majority of Keryx's shareholders approved the transaction on December 12, 2018.

## B. Proxy Statement

Appellants challenge three statements in the Proxy. The first statement they challenge is included in the section of the Proxy describing MTS's fairness opinion. It states:

> In arriving at its opinion, MTS Securities assumed and relied upon, without assuming liability or responsibility for independent verification, the accuracy and completeness of all of the financial, legal, regulatory, tax, accounting and other information that was publicly available or was provided to, discussed with or reviewed by MTS Securities and upon the assurances of Keryx management that they were not aware of any material relevant developments or matters related to Keryx or Akebia or that may affect the Merger that were omitted or that remained undisclosed to MTS Securities.

---

[2] Keryx retained MTS "to render an opinion as to the fairness of the Merger to Keryx stockholders from a financial perspective." JA30 ¶ 13.

3

(the "Material Developments Statement"). JA214. Appellants argue that this statement was misleading because "Keryx management was aware of material relevant developments or matters related to Akebia that were likely to affect the Merger and that were omitted or remained undisclosed to MTS." Appellants Br. at 7-8.

Similarly, Appellants challenge a second statement in the MTS fairness opinion section, which states:

> Without limiting the generality of the foregoing, with respect to the Projections, MTS Securities assumed, with the consent of the Keryx Board and based upon discussions with Keryx management and Akebia management, that each of the Projections was reasonably prepared in good faith and that the Projections, including any estimates of certain potential benefits of the Merger prepared by Keryx management and the timing to achieve such benefits, reflected the best currently available estimates and judgments of Keryx management and Akebia management regarding the future results of operations and financial performance of Keryx and Akebia.

(the "Best Estimates Statement"). JA214. Appellants contend that this statement was misleading because "Keryx management did not believe that its projections regarding the future results of operations and financial performance of Akebia, reflected its best currently available estimates and judgments." Appellants' Br. at 8.

Lastly, Appellants challenge two Keryx statements that characterized the merger as fair (collectively, the "Fairness Statements"). Specifically, in the Notice of Special Meeting of Shareholders, which accompanied the Proxy, Keryx stated that "the Merger Agreement and the Merger are advisable, fair to, and in the best interests of Keryx and its shareholders." JA114. Likewise, the Proxy indicates that "[t]he Keryx Board has determined that the Merger Agreement and the merger are advisable and in the best interest of Keryx and the Keryx shareholders." JA122. Appellants assert these

statements were misleading because "[Appellees] knew that the Merger was not 'fair' to [Keryx's] stockholders."  Appellants' Br. at 8.

## C.  Procedural History

Appellants commenced this action on October 16, 2018.  Following Appellants' filing of a Consolidated Amended Class Action Complaint on June 3, 2019,[3] the District Court granted Appellees' motion to dismiss on April 15, 2020.  Appellants then sought leave to amend the complaint, which the District Court granted.  In their Second Amended Complaint, Appellants alleged the Material Developments, Best Estimates, and Fairness Statements violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a) and 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. § 240.14a-9.

Appellees again moved to dismiss Appellants' complaint, and, on April 1, 2021, the District Court dismissed Appellants' action with prejudice, concluding that none of the statements were actionable.  Concerning Appellants' claim based on the Material Developments Statement, the District Court first concluded that it was not plausibly alleged.  Although it agreed with Appellants that the Material Developments Statement implied that Keryx had made assurances to MTS as of June 27, 2018, (the date of the

---

[3] The three related actions that were consolidated in this case are: *Corwin v. Keryx Biopharmaceuticals, Inc.,* 18-cv-1589-CFC; *Van Hulst v. Keryx Biopharmaceuticals, Inc.,* 18-cv-1656-CFC; and *Andreula v. Keryx Biopharmaceuticals, Inc.,* 18-cv-1721-CFC.

fairness opinion), the District Court determined that Appellants had not made sufficient factual allegations that any material relevant developments were not disclosed.

The District Court then rejected the argument that the Material Developments Statement was misleading based on Appellees' failure to disclose what Keryx believed as of June 27, 2018; it reasoned that the Proxy explicitly disclosed that the Projections were prepared before May 30, 2018. In addition, the District Court determined that the Material Developments Statement was not material because "a disclosure by Keryx in the Proxy that its management had not told MTS before June 27, 2018 that its May 2018 projections were stale and not its best estimate as of June 27, 2018, would not have significantly altered the 'total mix' of information made available" to shareholders. JA14 (internal quotation marks and citation omitted). The District Court reasoned that the Proxy disclosed, among other factors, the vadadustat delay, MTS's reliance upon Akebia's updated projections, and MTS's discussions with Akebia about the revised projections. *Id.*

Next, in dismissing Appellants' claim based on the Best Estimates Statement, the District Court relied on its reasoning from the April 15, 2020 opinion. There, the District Court had concluded that any challenge to the Best Estimates Statement based on the reasonableness of the Projections was inactionable given the Proxy's disclaimers, *see OFI Asset Mgmt. v. Cooper Tire & Rubber,* 834 F.3d 481, 500-01 (3d Cir. 2016), and that the Private Securities Litigation Reform Act's safe harbor provision, *see* 15 U.S.C. § 78u-5, protecting forward looking statements, applied. The District Court had also

6

rejected Appellants' position that the Best Estimates Statement challenged a statement of opinion because that statement concerned what MTS assumed. Given that the Proxy explicitly disclosed the Projections were made in May 2018, the District Court had also rejected Appellants' argument that the Best Estimates Statement implicitly stated what the Appellees believed as of June 27, 2018.

Lastly, the District Court concluded that Appellants had not plausibly alleged that Keryx did not believe the merger was fair. Specifically, it determined that paragraph 10 of the Second Amended Complaint contained conclusory allegations. Subsequently, Appellants timely appealed the April 1, 2021 order.

## II. JURISDICTION AND STANDARD OF REVIEW

The District Court had jurisdiction pursuant to 28 U.S.C. § 1332. We have jurisdiction pursuant to 28 U.S.C. § 1291.

"We review a district court's decision granting a party's motion to dismiss *de novo*." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). In doing so, we must "accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff." *Id.* We cannot "dismiss a complaint for failure to state a claim upon which relief can be granted unless we find that the plaintiff can prove no set of facts that would entitle her to relief." *Id.*

## III. DISCUSSION

"Section 14(a) seeks to prevent management or others from obtaining authorization for corporate actions by means of deceptive or inadequate disclosures in

7

proxy solicitations." *Seinfeld v. Becherer*, 461 F.3d 365, 369 (3d Cir. 2006) (citation omitted). Pursuant to Section 14(a), it is unlawful to solicit a proxy "in contravention of such rules and regulations as the [SEC] may prescribe as necessary or appropriate in the public interest." 15 U.S.C. § 78n(a). Rule 14a–9, which is promulgated under Section 14(a), provides that proxy statements shall not include "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading . . . ." 17 C.F.R. § 240.14a–9(a); *see also Seinfeld*, 461 F.3d at 369.

To successfully plead a claim pursuant to Section 14(a), a plaintiff must demonstrate that: "(1) a proxy statement contained a material misrepresentation or omission which (2) caused the plaintiff injury and (3) that the proxy solicitation itself, rather than the particular defect in the solicitation materials, was an essential link in the accomplishment of the transaction." *Jaroslawicz v. M&T Bank Corp.*, 962 F.3d 701, 710 (3d Cir. 2020), *cert. denied,* 141 S. Ct. 1284 (2021) (quoting *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 228 (3d Cir. 2007)). Our inquiry here is focused on the first element.

We have held that omissions are actionable "if either the SEC regulations specifically require disclosure of the omitted information in a proxy statement, or the omission makes other statements in the proxy statement materially false or misleading." *Seinfeld*, 461 F.3d at 369 (citation omitted). We have further held that a

8

misrepresentation or omission is material, "if there is a substantial likelihood that a reasonable shareholder would consider it important in deciding how to vote." *Shaev v. Saper,* 320 F.3d 373, 379 (3d Cir. 2003) (citations omitted). In analyzing materiality, we first consider whether "the disclosure of the omitted fact [or misrepresentation] would have been viewed by the reasonable investor as having significantly altered the total mix of information made available." *EP Medsystems, Inc., v. EchoCath, Inc.*, 235 F.3d 865, 872 (3d Cir. 2000) (alteration in original) (internal quotation marks and citation omitted). "Second, we assess the materiality of a statement 'at the time and in the light of the circumstances under which it is made.'" *Jaroslawicz*, 962 F.3d at 709–10 (quoting *Seinfeld*, 461 F.3d at 369).

### A. Material Developments Statement

Appellants essentially allege that the Material Developments Statement was false and misleading because Appellees had not disclosed the vadadustat developments to MTS but indicated in the Proxy that they had shared all material developments with it. As an initial matter, Appellants' claim based on the Material Developments Statement is not plausibly alleged. As the District Court concluded, Appellants' allegation that "Keryx management was aware of material relevant developments or matters related to Akebia that may affect the Merger and that were omitted or remained undisclosed to MTS" is conclusory. JA77 ¶ 10; *see also Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Although Appellants make factual allegations concerning

9

Keryx's knowledge of the vadadustat development, its meetings with MTS, and its instructions that MTS use the Adjusted Projections, their factual allegations do not sufficiently support the inference that Keryx did not disclose the vadadustat developments to MTS.

Even assuming this claim was plausibly alleged, it otherwise fails because the Material Developments Statement is neither false nor misleading. The Proxy explicitly disclosed that Keryx's Adjusted Projections were prepared before May 30, 2018. Thus, the Material Developments Statement solely represents what MTS assumed at the time that Keryx gave MTS the projections. *See OFI Asset Mgmt.*, 834 F.3d at 501 (reasoning that, when a proxy disclaimed the accuracy of financial projections included therein, these projections represented only that they "were, in fact, the projections that [the defendant] provided to [the counterparty] and the financing bank during the negotiation of the deal"). Appellants do not dispute that MTS made these assumptions, so their claims regarding the Material Developments Statement fail for an additional reason.

B.    **Best Estimates Statement**

In short, Appellants allege that the Best Estimates Statement was false and misleading because Appellees represented that the Adjusted Projections were their best available estimates despite knowing they were stale. Appellants, however, fail to plead falsity. As stated previously, the Proxy made clear that Keryx disclaimed that its financial projections showed anything other than Keryx's views at the time they were prepared. The Best Estimates Statement, then, represents only that, when Keryx provided

10

these projections to MTS, MTS assumed that they "reflected the best currently available estimates and judgments of Keryx management[.]" JA214; *see also OFI Asset Mgmt.*, 834 F.3d at 501. Because Appellants do not allege that MTS did not make this assumption, their claims concerning the Best Estimates Statement also fail.

### C. Fairness Statements

Appellants allege the Fairness Statements were false because the Appellees knew the merger was not fair. In support of this position, Appellants rely on various allegations concerning Keryx's share price, Keryx's instructions that MTS use the Adjusted Projections, MTS's analyses, and Keryx employees' incentives for closing the transaction.

However, Appellants' claim fails because it is not plausibly alleged. As Appellees argue, Appellants' claim relies on facts that were specifically disclosed in the Proxy. The Proxy also contains several other positive considerations that Appellees weighed in making its Fairness Statements. Without more, we cannot conclude that Appellants sufficiently pleaded facts that support the inference that Appellees genuinely disbelieved the Fairness Statements.

## IV. CONCLUSION

For the foregoing reasons, Appellants have failed to allege a violation of Section 14(a). Accordingly, Appellants' control-liability claims against the individual Appellees also fail. *See In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 211

11

(3d Cir. 2002). The Court will affirm the District Court's order dismissing Appellants' complaint.